## Commonwealth v. Gibson

*Richard F. Maize,* for Commonwealth.
*Anthony Cavalcante,* for defendant.

COTTOM, J., July 7, 1954.—This case is before the court on appeal by Robert W. Gibson, Sr., from an indefinite suspension of his motor vehicle operator's license because of his mental and physical condition. From the record we make the following

*Findings of Fact*

1. Robert W. Gibson, Sr., a resident of Fayette County, Pa., for a great number of years, is now residing and living with his mother and sister, 24 John Street, Uniontown, Pa., where he has resided since March 3, 1954.

2. Appellant lived with his wife near Uniontown and during the summer of 1953 he and his son worked in Marion, Ohio, returning home over the week ends. In September of 1953 he returned home and being mentally ill he was examined by Dr. Robert C. Johnson and Dr. A. E. Wright, Jr., both of Uniontown, Pa., and was on October 2, 1953, admitted to Torrance State Hospital for treatment as a mental patient. On March 3, 1954, he was allowed to leave the hospital and return to his home after showing improvement, but upon recurrence of his condition within one year, he could be readmitted without further medical affidavits.

3. Upon returning home he made application for, and received, his 1954 motor vehicle operator's license. On March 25, 1954, his license was suspended by the Secretary of Revenue of the Commonwealth of Pennsylvania, because of a letter received from the superintendent of the Torrance State Hospital advising that it was the professional opinion of the medical staff of that hospital that Robert W. Gibson, Sr., was well enough to adjust on the outside, but it was felt that in his best interests it was not safe for him to operate a motor vehicle and it was recommended that his operator's license be suspended.

4. An affidavit executed by Dr. William J. Schilling, superintendent of the Torrance State Hospital, was introduced in evidence which sets forth that Mr. Gibson, Sr., is suffering from a chronic brain syndrome of an organic nature and further states that for his

best interests it was not safe for him to drive a motor vehicle...

5. The record is void of any competent testimony to show that appellant is mentally and physically competent to safely operate a motor vehicle on the highway.

6. Under section 615 (a) (1) the Secretary of Revenue, upon receiving the recommendation of the superintendent of the Torrance State Hospital as to the physical and mental disabilities of appellant, was justified in issuing the suspension.

7. Under the evidence as presented it appears that the suspension of the motor vehicle operator's license of Robert W. Gibson, Sr., was merited.

8. Appellant is subject to the suspension of his motor vehicle operator's license.

### Discussion

Counsel for appellant objected to the admission of the affidavit of Dr. William J. Schilling, superintendent of the Torrance State Hospital, but this objection was overruled and the affidavit admitted into evidence. In overruling the objection the court relied upon section 331 of the Incompetent's Estate Act of June 28, 1951, P. L. 612, which section reads as follows:

"In any hearing relating to the mental condition of a person whose competency is in question, the deposition of, or sworn statement by, a superintendent, manager, physician or physchiatrist of any state-owned mental hospital or veterans administration hospital shall be admissible in evidence as to the condition of an inmate of such hospital, in lieu of his appearance and testimony, unless by special order, the Court directs his appearance and testimony in person."

The court could see no reason to issue a special order directing the appearance of the superintendent of the

State hospital to appear in court. There was no question but that Mr. Gibson, Sr., had been committed to the hospital in October of 1953 and released on March 3, 1954, after an examination by the medical staff of the institution. ,

Appellant's condition was diagnosed as suffering from a chronic brain syndrome of an organic nature, which as the court understands means he suffered a disease of long duration or of slowly progressive symptoms which affects the structure of the organ (brain) with a group of signs and symptoms that occur together and characterize a disease from which he is suffering. The medical staff having this knowledge, after treatment and examination for the patient's best interests, recommended a suspension of his operator's license. The court, in view of the record and the recommendation of the medical staff, cannot without competent medical testimony, after a thorough examination of appellant, showing appellant's mental and physical condition to be so improved as to be for his best interests to be allowed to drive a motor vehicle, and that it would be safe for him to drive, do anything but sustain the order of the Secretary of Revenue.

### Conclusions of Law

1. The order of the Secretary of Revenue of the Commonwealth of Pennsylvania, suspending the motor vehicle operator's license of Robert W. Gibson, Sr., is sustained.

2. Appellant should pay the costs.

### Order

And now, July 7, 1954, after hearing and consideration, the order of the Secretary of Revenue of the Commonwealth of Pennsylvania, suspending the motor vehicle operator's license of Robert W. Gibson, Sr., is hereby sustained and the appeal dismissed.

Appellant shall pay the costs.